IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| SHEKEERA GREENE, THOMAS HOUFF, | ) | |
| MICAHEL MILNER, INEASE INMON, | ) | |
| JAQUANTE GREEN, DEVON MCKENZIE, JR., | ) | |
| JACQUELINE LEWIS, PETER BASSETT, | ) | |
| JOSHUA CARTER, ASHLEE FLEMING, | ) | |
| HERMAN GOODMAN, RYEISHA HART, | ) | |
| SARAH NEAL, ZACHARY PARRY, | ) | |
| TERRY PERSON, JR., KIMBERLY PURYEAR, | ) | |
| AND MAURICE ANDERSON on behalf of | ) | |
| themselves and all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _3:17-cv-26_ |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | **TRIAL BY JURY** |
| | ) | **DEMANDED** |
| Defendant. | ) | |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Sheekera Greene, Thomas Houff, Michael Milner, Inease Inmon, JaQuante Green, Devon McKenzie, Jr., Jacqueline Lewis, Peter Bassett, Joshua Carter, Ashlee Fleming, Herman Goodman, Ryeisha Hart, Sarah Neal, Zachary Parry, Terry Person, Jr., Kimberly Puryear, and Maurice Anderson (collectively "Plaintiffs"), by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

### PRELIMINARY STATEMENT

1. Plaintiffs are current and former employees of the United States Postal Service who work and/or worked at the Richmond Main Post Office located at 1801 Brook Road, Richmond, Virginia. Plaintiffs seek declaratory relief, injunctive relief, and to recover unpaid overtime compensation, and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, as amended ("FLSA" or "the Act") for themselves and others similarly situated.

## PARTIES

2.      Defendant United States Postal Service ("Defendant" or "USPS") is an independent entity of the United States government responsible for providing postal service in the United States. Defendant operates in all fifty states, including the Commonwealth of Virginia. The Richmond District of USPS encompasses the majority of the Commonwealth of Virginia (excluding Northern Virginia and Southwest Virginia). The Richmond Main Post Office is located at 1801 Brook Road, Richmond, Virginia.

3.      Defendant is an "employer" within the meaning of the FLSA pursuant to 29 U.S.C. §§ 203(a), (d) and was the "employer" of Plaintiffs at all times relevant hereto.

4.      Plaintiffs are, or were, residents of Virginia and "city carriers" and/or "city carrier assistants" (collectively "mail carriers") employed by Defendant. At all times relevant hereto, Plaintiffs are, or have been, "employees" employed by Defendant within the meaning of the FLSA pursuant to 29 U.S.C. § 203(e)(2)(B).

5.      Plaintiffs bring this action on behalf of themselves and other similarly situated current and former employees of Defendant who were, or are, employed by Defendant at the Richmond Main Post Office as mail carriers and who were subject to the same uniform pay practices described below.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 39 U.S.C. § 409(a), 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331, 2201, 2202.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## REPRESENTATIVE ACTION ALLEGATIONS FOR FLSA CLAIMS

8.      Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs. Plaintiffs each consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by Plaintiffs' "Consent to Become a Party to a Collective Action Under 29 U.S.C. § 216," filed herewith.

9.      Plaintiffs, and all others similarly situated are, or were, employed as "city carriers" and/or "city carrier assistants" within the last three (3) years at the Richmond Main Post Office.

10.     Defendant employs, and has employed, multiple persons in the same job functions and/or positions that Plaintiffs occupy or have occupied.

11.     At all times relevant hereto, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA.

12.     Plaintiffs, and all those similarly situated, perform, and have performed, functions which entitle them to receive overtime compensation, yet Defendant has willfully refused to pay them such overtime wages.

13.     Defendant compensated Plaintiffs and all those similarly situated on a uniform basis common to Plaintiffs and other persons performing similar functions.

14.     On information and belief, all of Defendant's operations at the Richmond Main Post Office are centrally managed, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices. Defendant has additionally established uniform payroll policies with respect to the payment of overtime compensation which apply to all Plaintiffs in the performance of their mail carrier duties for Defendant.

15.     The FLSA "collective" of similarly situated employees is composed of all present and former mail carrier employees of Defendant at the Richmond Main Post Office who performed the same or similar job functions as Plaintiffs and are, or were, subject to the same pay practices, and have been employed within three (3) years of the date of filing this action.

16.     Plaintiffs assert that Defendant's willful disregard of the FLSA described herein entitles Plaintiffs and similarly situated employees to the application of the three (3) year limitations period.

## FACTUAL ALLEGATIONS

17.     The Richmond Main Post Office ("Main Office") employs both "city carriers" and "city carrier assistants" (collectively "mail carriers"). There are approximately one hundred (100) mail carriers employed at the Main Office.

18.     The Main Office has four substations, Saunders, Capital, Bellevue, and Northside with mail carriers and supervisors assigned to each substation.

19.     The supervisors of Plaintiffs, and all others similarly situated, report to the Customer Service Manager whom in turn reports to the Manger of Operational Procedures, whom turn reports to the Postmaster.

20.     As mail carriers, Plaintiffs' duties, and  those of all others similarly situated, consist of casing and correlating mail prior to delivery and delivering and collecting mail and packages to and from homes and business in the Richmond area.

21.     "City carriers" are regularly scheduled five (5) days a week for eight and half (8.5) hour shifts. Defendant automatically deducts thirty (30) minutes of paid time every day worked for a lunch break, regardless of whether any lunch break is/was taken, resulting in forty (40) hours of scheduled work in a week.

22.    "City carrier assistants" generally do not have set schedules but are available to work seven (7) days a week for shifts ranging from four (4) to twelve (12) plus hours. Defendant automatically deducts thirty (30) minutes of paid time every day worked for a lunch break, regardless of whether any lunch break is/was taken. "City carrier assistants'" schedules often result in forty (40) or more hours of scheduled work in a week.

23.    At all relevant times hereto, Defendant has maintained a Time and Attendance Collection System ("TACS") to record and track the hours worked by mail carriers. Mail carriers use their badge to clock-in at the beginning of their shift and to clock-out at the end of their shift.

24.    Supervisors and management personnel employed by Defendant have the ability, and are specifically trained on how to review, edit, and alter mail carriers clock-in and clock-out records in the TACS system. Changes or deletions made by supervisors are tracked and recorded in the TACS system. Mail carriers generally do not have access to their own TACS records to review any such changes or edits made by supervisors or management to their hours worked.

25.    Over the past decade, USPS has cut its staffing and labor costs by $10 billion.[1]

26.    At least in part due to the aforementioned significant staffing reductions, Plaintiffs, and all those similarly situated, are often unable to complete their routes and/or duties during their scheduled work hours. At least in part due to budget reductions, management and supervisors are under pressure to keep labor costs down by not paying overtime premiums. On information and belief, supervisors are instructed and/or encouraged by management not to exceed certain labor cost thresholds and incentivized with bonuses for keeping overtime premium payments low.

---

[1] See https://www.uspsoig.gov/blog/deep-cuts/ (last accessed 01/12/2017).

27.     To minimize overtime payments Defendant has engaged in a systemic practice of not compensating Plaintiffs, and all those similarly situated, for all hours worked in violation of the FLSA.

28.     Plaintiffs, and all those similarly situated,  are regularly required to work "off the clock" before and/or after they clock-in or out from the TACS system in order to complete their assigned duties in a given day.

29.     Such "off the clock" work serves to keep the mail carrier under the forty (40) hours worked overtime threshold and/or reduces the number of overtime premium hours paid in a week.

30.     Defendant, through its supervisors and management employees, has required, suffered, and/or permitted mail carriers to work "off the clock" without compensation in violation of the FLSA.

31.     Plaintiffs, and all those similarly situated,  regularly required to work during their lunch break and/or did not take a lunch break at all, in order to complete their assigned duties in a given day. Nonetheless, half-hour lunch breaks are automatically deducted from mail carriers' time worked in TACS each day, regardless of whether or not the mail carrier actually took the break.

32.     Not compensating mail carriers for working through or without their break serves to keep mail carriers under the forty (40) hours worked overtime threshold and/or reduces the number of overtime premium hours paid in a week.

33.     Defendant, through its supervisors and management employees, has required, suffered, and/or permitted mail carriers to work through or forego their lunch break without compensation in violation of the FLSA.

34.     Additionally, on a consistent basis, accurate clock-in/clock-out time entries made by mail carriers in TACS have been deleted and/or altered by supervisors and management to reduce the total number of recorded hours worked and paid in a given day and/or week.

35.     These deletions and alterations of time worked by mail carriers, undertaken by supervisors and management, serve to keep the mail carrier under the forty (40) hours worked overtime threshold and/or reduces the number of overtime premium hours paid in a week.

36.     Defendant, through its supervisors and management employees, has knowingly, willfully, and systemically engaged in this unlawful practice of altering records of mail carriers time worked in violation of the FLSA.

37.     In approximately October 2016, the aforementioned practice of deleting/altering mail carriers' time worked in TACS was discovered by certain Main Office mail carriers upon receiving and reviewing certain TACS records for multiple mail carriers.

38.     On information and belief, the discovery led to an "investigation" by the USPS Office of Inspector General ("OIG") into the widespread practice of deleting/altering mail carriers' time worked in TACS.

39.     On information and belief, in November 2016, the OIG investigation led to the suspension and/or separation from employment of multiple supervisors, the Customer Service Manager, and the Postmaster.

40.     On information and belief, the OIG investigation led to back-pay payments being made by USPS to approximately ninety-nine (99) current and former Main Office mail carriers in December 2016.

41.     On information and belief, any such payments are not the result of a bona fide FLSA dispute, were not approved by a Court or the Department of Labor, do not compensate the

mail carriers for the full allowable time period(s), do not provide full back-pay and liquidated damages, and do not provide relief available to them under the FLSA.

## COUNT ONE
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

42.     At all times relevant to the matters alleged herein, Defendant has engaged in a pattern, practice, and policy of not compensating mail carriers in accordance with federal mandates for certain overtime work performed for Defendant's benefit.

43.     The FLSA requires covered employers such as Defendant to compensate mail carriers at a rate of not less than one and one-half time the regular rate of pay for work performed in excess of forty (40) hours a week.

44.     At all times relevant hereto, Defendant knew the FLSA applied to Plaintiffs and others similarly situated.

45.     At all times relevant hereto, Defendant had knowledge of their FLSA requirements to pay overtime compensation for hours worked in excess of forty (40) hours a week.

46.     At all times relevant hereto, Defendant had knowledge that Plaintiffs, and others similarly situated, worked off the clock, beyond their normally scheduled hours, and through their lunch break. Defendant required such off the clock work and freely accepted the benefit of this time, and at a minimum suffered and permitted this practice. Defendant also had knowledge that Plaintiffs' time records, and the time records of others similarly situated, were deleted and altered, and at a minimum suffered and permitted this practice.

47.    Despite knowledge of its obligations under the FLSA, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work in excess of forty (40) hours in week without paying all overtime compensation due.

48.    Defendant has an obligation under the FLSA to maintain accurate records of time worked by employees.

49.    Defendant has failed to maintain accurate time records of all hours worked by Plaintiffs, and other similarly situated employees, and in fact intentionally created and maintained, inaccurate time records.

50.    The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew of, or showed reckless disregard for, the fact that their compensation practices were in violation of the FLSA.

51.    Plaintiffs, and other similarly situated present and former employees, are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

52.    Defendant has not acted in good faith with respect to their failure to pay overtime compensation. Defendant has no legitimate reason to believe their actions and omissions were not a violation of the FLSA, thus entitling Plaintiffs, and those similarly situated, to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all "city carriers" and "city carrier assistants," and other

employees performing the duties of mail carriers who were employed by Defendant at the Richmond Main Office during any portion of the three (or more) years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b).  Generally, this notice should inform such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B.      Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. § 216(b);

C.      Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

D.      Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against Defendant;

E.      Enter judgment that Defendant's violations of the FLSA were willful;

F.       Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G.      Enter judgment for post-judgment interest at the applicable legal rate;

H.      Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorney's fees and costs of this suit;

I.      Grant leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable

federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or expand the collective definition to include other offices, as appropriate; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

      J.      Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

SHEKEERA GREENE, THOMAS HOUFF,
MICAHEL MILNER, INEASE INMON,
JAQUANTE GREEN, DEVON MCKENZIE, JR.,
JACQUELINE LEWIS, PETER BASSETT,
JOSHUA CARTER, ASHLEE FLEMING,
HERMAN GOODMAN, RYEISHA HART,
SARAH NEAL, ZACHARY PARRY,
TERRY PERSON, JR., KIMBERLY PURYEAR,
MAURICE ANDERSON

By: /s/ Paul M. Falabella_____
                Counsel

      Harris D. Butler, III, (VSB No. 26483)
      Zev H. Antell (VSB No. 74634)
      Paul M. Falabella (VSB No. 81199)
      Butler Royals, PLC
      140 Virginia Street, Suite 302
      Richmond, Virginia 23219
      Telephone: (804) 648-4848
      Facsimile: (804) 237-0413
      Email: harris.butler@butlerroyals.com
      zev.antell@butlerroyals.com
      paul.falabella@butlerroyals.com