UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| SHEKEERA GREENE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:17-cv-00026-REP |
| ) | |
| UNITED STATES POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION TO APPROVE SETTLEMENT**

COME NOW Plaintiffs Shekeera Greene et al. ("*Greene* Plaintiffs") and Defendant United States Postal Service by their respective counsel, and for their Memorandum in Support of their Joint Motion to Approve Settlement [Doc. 90] state as follows:

**Procedural Background and Allegations**

On January 13, 2017, seventeen (17) *Greene* Plaintiffs, current and former mail carriers, filed this Collective Action asserting violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., as amended ("FLSA") against their employer, the United States Postal Service ("Defendant" or "USPS"). *See* [Doc. 1]. The *Greene* Plaintiffs in this action worked as mail carriers at the Richmond Main Post Office and its four substations during the applicable time period.

On February 13, 2017, a second Collective Action, *David Slavin et al. v. USPS*, 3:17cv134, was filed as a related action to the instant suit, asserting identical violations of the FLSA on behalf of current and former mail carriers against USPS. Plaintiffs in that action ("*Slavin* Plaintiffs") worked as mail carriers at USPS branches and stations in the metro

Richmond area, excluding the Richmond Main Post Office (i.e. the location already covered by the *Greene* Complaint), during the applicable time period.

The two primary factual allegations in both matters are that: (i) USPS supervisors and management deleted and/or altered mail carriers' accurate time entries in order to reduce the total number of recorded hours worked and paid in a given day and/or week, and (ii) that USPS has suffered and/or permitted mail carriers to work "off the clock" via an automatic lunch deduction and other means thereby also reducing the number of hours worked and paid. Plaintiffs allege that such practices resulted in unpaid overtime wages in violation of the FLSA. Defendant denies the allegations.

On June 14, 2017, this Court entered an Order [Doc. 34] granting Conditional Certification and Issuance of Notice of Collective Action and entered a substantially similar Order in the *Slavin* matter. By the conclusion of the notice and opt-in periods in August 2017, four hundred sixty-seven (467) individuals, including the original named Plaintiffs, filed timely opt-in consent forms indicating their intent to be included as Plaintiffs in either, or both , *Greene* and *Slavin*.[1]

In September 2017, USPS produced over 200,000 pages of detailed time-keeping and payroll records for the Plaintiffs for the 2014-2017 time period for settlement purposes. Both parties set out to analyze the extensive data and create an accurate damages model as to Plaintiffs' time deletion/alteration claim. The parties participated in an October 18, 2017 settlement conference with U.S. Magistrate Judge Novak, but were unable to reach resolution at that time. Following the settlement conference, both sides continued to analyze the data, share and refine their respective damages models, and continue resolution discussions. The parties

---

[1] The parties jointly agreed to dismiss two plaintiffs who previously opted-in after determining that they had not worked for the Defendant during the relevant time period.

additionally began formal discovery by exchanging paper discovery requests and deposition notices.

In late December 2017, the parties reached a tentative settlement on the time deletion/alteration claim, but could not reach a compromise on the remaining claims or the amount of attorneys' fees and costs to Plaintiffs. The parties therefore filed a Joint Motion to Sever the time alteration claim [Doc. 75] in January 2018, which was granted by Order [Doc. 84] dated March 16, 2018.[2]

Additionally, Defendant filed a Motion to Decertify the Collective Action [Doc. 77] in January 2018, which was opposed by Plaintiffs [Doc. 79]. The Motion to Decertify was denied by Order [Doc. 85] on March 16, 2018, without prejudice to re-file upon the completion of discovery. Also in March 2018, the parties had a discovery dispute as to the scope of discovery directed at Plaintiffs on the remaining claims (representative discovery v. individual discovery). Following a telephonic hearing on March 19, the Court entered an Order [Doc. 86] on March 20 compelling individual discovery.

Subsequently, the parties re-initiated global resolution discussions. Having already reached a tentative settlement on the time deletion/alteration claim, the parties re-focused their discussions on a resolution of the remaining claims and a resolution of the attorneys' fees and costs. In April 2018, the parties reached a proposed global settlement for all claims in both cases, including those previously severed, for which they now seek Court approval.

---

[2] These severed claims have not yet received new case numbers, and the parties agree that they should be de-severed and included in the proposed global settlement.

**Terms of Settlement**

The parties have reduced the terms of their settlement to writing and a copy of the Settlement Agreement and Release is attached hereto as Exhibit 1.[3] The Settlement Agreement and Release provides for a total combined payment of up to $228,668.54 to the Plaintiffs.

The amount allocated to each Plaintiff includes all unpaid time as a result of alleged improper time deletions/alterations made by supervisors, as reflected in each Plaintiff's individual time records, plus an equal amount representing Plaintiffs' claim for liquidated damages under the FLSA.[4] The damages period for each Plaintiff is the three (3) year time period preceding the date their consent to join the case was filed. Each Plaintiff has been allocated an additional $200 attributable to the alleged lunch deduction/off the clock claim asserted. The amounts received by Plaintiffs range from a minimum of $300 to over $5,000, depending on the evidence found in the time records to support the alleged time deletion/alteration claim. The Settlement Agreement and Release additionally provides for $170,969.34 in attorneys' fees and costs to Plaintiffs' counsel.

In exchange for the payments described above, Plaintiffs agree to release their claims against Defendant resulting from the allegations and claims in the *Greene* and/or *Slavin* Complaints, occurring within the three years prior to their joining the case(s) and dismiss the pending litigation with prejudice.

Plaintiffs have been provided an explanation of the litigation and the settlement, a copy of the Settlement Agreement and Release, and their individual settlement allocation (Schedule

---

[3] Schedules A and B to the Settlement Agreement are filed herewith as Exhibits 2-4.
[4] The amount allocated to certain *Greene* Plaintiffs includes a credit/reduction for payments made by USPS in December 2016 to those *Greene* Plaintiffs pursuant to a union grievance on the issue of time deletion/alteration. Additionally, for individuals with damages of less than $100, their settlement allocation for the time deletion/alteration claim has been increased to $100.

A). Four hundred and fifty four (454) Plaintiffs[5] (representing 97.6% of the group) have accepted the terms of the settlement by timely executing and returning the agreed release. The settlement payments will be made within 30 business days of the Order approving settlement.

### Factors for Approving FLSA Settlement

Settlement of an FLSA lawsuit must be approved by either a district court or the U.S. Department of Labor. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89136, at *8 (E.D. Va. Sept. 29, 2009) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982)). In this Circuit, an FLSA settlement will be approved when the Court determines that the settlement "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Id.* In evaluating the fairness of settlements under the FLSA, courts rely on six factors: (1) the extent of discovery that has taken place, (2) the state of proceedings, including the complexity, expense, and likely duration of the litigation, (3) the absence of fraud or collusion in the settlement, (4) the experience of Plaintiffs' counsel, (5) the probability of Plaintiffs' success on the merits, and (6) the amount of the settlement in relation to the potential recovery. *See Devine v. City of Hampton, Virginia*, 2015 U.S. Dist. LEXIS 177155 at *38 (E.D. Va. Dec. 1, 2015) (citing *Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014)).

The proposed settlement terms are fair and reasonable. The settlement represents a good faith compromise of the parties' *bona fide* dispute of liability and damages under the FLSA. The settlement was reached after arms-length negotiation. The parties request that the Court approve the settlement.

---

[5] One opt-in Plaintiff in each the *Slavin* and *Greene* matter declined the settlement. Additionally, despite Plaintiffs' counsel's diligent and multiple efforts from April 13 through May 23 to contact all Plaintiffs by phone, e-mail, and U.S. mail, nine (9) Plaintiffs have not returned their signed release and have been deemed non-responsive. The parties ask, consistent with and required by the Agreement that the claims of such declining and non-responsive Plaintiffs be dismissed without prejudice. The identities of the declining and non-responsive Plaintiffs in each case are listed in the proposed Order filed herewith.

A.      Existence of *Bona Fide* Dispute

To merit Court approval, the settlement must resolve a *bona fide* dispute over FLSA provisions. *See Lynn's Food Stores*, 679 F.2d at 1355. In the lawsuits, Plaintiffs allege that they were not paid overtime under the FLSA due to one or more actions and/or practices by Defendant. USPS has consistently denied the allegations in the lawsuits. The Settlement Agreement and Release contains a provision expressly denying any and all liability to Plaintiffs. The settlement represents a good faith compromise of the parties' *bona fide* dispute regarding the FLSA allegations and claims contained in the Complaints.

B.      The Extent of Discovery

Defendant has produced over 200,000 pages of time-keeping and payroll records relevant to Plaintiffs' claims and has additionally produced documentation on relevant policies and practices. Importantly, the extensive time-keeping records are not available to Plaintiffs in the course of their employment and thus this litigation has served as a key vehicle in discovering the extent of Plaintiffs' allegations of time record deletion and alteration by their supervisors. The time records have served as the data-set for the individual settlement allocations on the time deletion/alteration claim and were an important piece of evidence on lunch deduction/off the clock claim. The parties additionally served and exchanged paper discovery, which assisted the parties in evaluating the strength and weaknesses of their positions in the litigation.

C.      The State of Proceedings

This matter has been pending since January 2017 and had been set for trial in August 2018. At the time of resolution, Plaintiffs' counsel had surveyed hundreds of the Plaintiffs as to their individual claims and damages. Moreover, both parties had already briefed decertification and had each spent extensive time building and refining data models necessary to calculate

Defendant's potential exposure. The parties had also met and conferred repeatedly regarding extensive written discovery and depositions that would be necessary as each prepared for dispositive briefing and trial. As to the anticipated dispositive motions, both parties acknowledge that the Court's determination in favor of either party had the potential to greatly change the scope and trajectory of the case. Given the state of the proceedings including the complexity, expense, and likely duration of the litigation, the proposed settlement of claims is fair and reasonable.

D.  Absence of Fraud or Collusion

The parties have zealously advocated for their clients' competing interests throughout this litigation, including during settlement negotiations. The parties engaged in arms-length negotiation through resolution discussions. The parties believe that there was no opportunity for and no possibility of fraud or collusion.

E.  Experience of Plaintiffs' Counsel in Wage and Hour Litigation.

Plaintiffs' counsel are well-respected lawyers with a breadth of experience in the field of wage and hour law. They have litigated a number of overtime cases against public entities and private corporations.

F.  Probability of Plaintiffs' Success on the Merits and the Amount of Settlement in Relation to the Potential Recovery

  i.  Plaintiffs' Recovery

Plaintiffs' settlement recovery as to the time deletion/alteration represents their unpaid wages under the FLSA over a three year period, liquidated. Plaintiffs therefore obtained full relief and complete success under the FLSA for this claim via settlement rather than engaging in continued and unnecessary litigation.

With respect to Plaintiffs' recovery of alleged off-the-clock time, the Defendant never conceded any such time existed and had won a very favorable discovery ruling from the Court mandating extensive individualized discovery which made proving collective-wide damages an unlikely proposition. That reality spurred the parties to revisit the possibility of resolving the off-the-clock claims on negotiated basis and the instant settlement was reached and was embraced by all accepting Plaintiffs.

ii.   Plaintiffs' Attorneys' Fees and Costs

The FLSA provides in part that "the court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by defendant, and costs of the action." 29 U.S.C. § 216(b). The settlement agreed to by the parties reflects this and rather than engaging in a time consuming and costly fee fight over the amount of attorneys' fees, the parties here were able to reach a resolution of the claim for attorneys' fees and costs.

The FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interests taints the amount the wronged employee recovers under a Settlement Agreement." *See Poulin v. General Dynamics Shared Res., Inc.*, 2010 U.S. Dist. LEXIS 47511 *4 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). When assessing the fairness of attorneys' fees pursuant to a court-ordered fee award, courts generally rely on the lodestar analysis. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992). However, assessing the fairness of attorneys' fees that are part of a negotiated FLSA settlement is not identical to the traditional lodestar analysis. *See Devine, supra*, at *41. In determining the reasonableness of attorneys' fees in an FLSA settlement, courts should give some deference to the parties' voluntary agreement and use lodestar principals as a cross-check to assess fairness. *Id.* at *41-42.

8

The amount of the negotiated attorneys' fees and costs ($170,969.34) is based on a reduced amount of Plaintiffs' counsel's lodestar and Plaintiffs' actual costs. At the time of settlement in April 2018, Plaintiffs' counsel had over $271,000 in fees and $3,969.34 in costs.[6] The significantly reduced fee amount of $167,000 and the $3,969.34 in costs was negotiated and agreed to in order to obtain settlement. As part of settlement negotiations, Plaintiffs' counsel provided a redacted copy of their contemporaneously kept detailed billing records to counsel for the Defendant to verify the time and costs expended. To reach resolution, Plaintiffs' counsel additionally agreed to waive the substantial time required to administer the settlement and obtain settlement approval.

The negotiation of the Plaintiffs' recovery was separate from the negotiation of the amount of attorney's fees. Courts look favorably on separate negotiations of FLSA damages and attorneys' fees to avoid conflict of interest between attorneys and their clients. *See Pessoa v. Countrywide Home Loans, Inc*., 2007 U.S. Dist. LEXIS 24076 at *9 (M.D. Fla. Apr. 2, 2007).

The parties submit that the attorneys' fees and costs provided for in the settlement are a fair and reasonable settlement of Plaintiffs' claim for attorneys' fees and costs under the FLSA.

## Conclusion

For the foregoing reasons, the parties respectfully submit that the proposed settlement is fair and reasonable and should be approved by the Court.

---

[6] Plaintiffs' counsel's lodestar, including rates and time expended, is as follows:

| Attorney | Rate | Years of Experience | Hours | Total |
|---|---|---|---|---|
| Harris D. Butler, III | $500 | 36 | 25.7 | $12,850.00 |
| Zev H. Antell | $375 | 11 | 231.2 | $86,700.00 |
| Paul M. Falabella | $315 | 8 | 339.1 | $106,816.50 |
| Paralegals | $135 | --- | 482.3 | $65,110.50 |
| | | | | |
| Total: | | | | $271,477.00 |

9

Respectfully submitted:

Shekeera Greene, et al., Individually,
and all others similarly situated,


By:____/s/_____
Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Paul M. Falabella (VSB No. 81199)
Butler Royals, PLC
140 Virginia Street, Ste. 302
Richmond, Virginia 23219
Tel:   (804) 648-4848
Fax:   (804) 237-0413
Email: harris.butler@butlerroyals.com
       zev.antell@butlerroyals.com
       paul.falabella@butlerroyals.com

*Counsel for Plaintiffs*


United States Postal Service


By:_____/s/_____
Jonathan H. Hambrick (VSB No. 37590)
Assistant U.S. Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, VA 23219
Phone: (804) 819-5495
Fax: (804) 771-2316
Email: jay.h.hambrick@usdoj.gov

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 25th day of May, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan H. Hambrick (VSB No. 37590)
Assistant U.S. Attorney
Office of the United States Attorney
919 East Main Street, Suite 1900
Richmond, VA 23219
Email: jay.h.hambrick@usdoj.gov

*Counsel for Defendant*

      */s/ Paul M. Falabella*_____
Paul M. Falabella (VSB No. 81199)
Butler Royals PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Tel: 804-648-4848
Fax: 804-237-0413
Email: paul.falabella@butlerroyals.com